**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ANTOINNE LEWIS SMITH** | * | |
| **Plaintiff,** | | |
| **v.** | * | **CIVIL ACTION NO. PWG-13-3893** |
| **SGT. E. WATKINS,** *et al.* | * | |
| **Defendants.** | | |
| | ***** | |

**MEMORANDUM**

**I. Background**

On December 23, 2013, plaintiff Antoinne Lewis Smith, a former inmate at the Montgomery County Correctional Facility ("MCCF"), filed a 42 U.S.C. § 1983 civil rights complaint against MCCF, MCCF Warden Robert Green and MCCF Sergeant Watkins. He alleged that on December 9, 2013, while conducting a room check, Sergeant Watkins "punch[ed] [him] in the face and head over and over, then . . . pulled [his] legs from under [him] and [the] left side of [his] face hit the floor." Compl., ECF No. 1. Smith claimed that he was taken to Shady Grove Hospital, where he was treated for a fractured skull and damage to his left ear drum. *Id.* Smith remained in the hospital for several days.[1] *Id.* He seeks compensatory damages for mental and physical injuries. *Id.*

In his supplemental complaint, Smith provides additional information concerning the December 9, 2013 incident, which occurred around 11:00 p.m. Supp. Compl., ECF No. 8. Smith

---

[1]    Smith previously filed a federal civil rights action against MCCF Warden Green, MCCF Director Wallenstein, the MCCF, and Sgt. Watkins, alleging that on October 20, 2013, Watkins assaulted him. *See Smith v. MCCF, et al.*, No. PWG-13-3177 (D. Md.).   On August 18, 2014, the Court granted Defendants Green, MCCF, and Wallenstein's motion to dismiss and issued a scheduling order for Smith and Defendant Watkins. ECF Nos. 33 & 34 in PWG-13-3177.  Smith claims here that when Watkins was about to pat him down, Smith informed him that he had filed charges against him for the earlier assault.  Smith also indicates he told Watkins not to touch him. Compl. 3.

states that he was handcuffed from behind and was "being checked" by Watkins when Watkins hit

and punched him in the back of the head and pulled his legs out from under him. *Id.* Smith states

that he landed on the left side of his face causing blood to shoot from his ear. *Id.* He again claims

that he suffered a skull fracture and burst left ear drum. *Id.* Smith states in some filings that he seeks

$500,000 in damages, Supp. Compl.; Compl. & Damages, ECF No. 9; in others, he states that he

seeks damages of $7 million. Compl.; Pl.'s Aug. 26, 2014 Mot. to Continue.

Defendants MCCF and Green have filed a motion to dismiss. ECF No. 16. Defendant

Watkins has filed an answer to the complaint. ECF No. 15. Smith has filed several "motions to

proceed or to continue," which have been construed as oppositions to Defendants' motion to

dismiss.[2] ECF Nos. 20, 21 & 27. The motion to dismiss may be determined on the pleadings and

shall be granted without oral hearing. *See* Local Rule 105.6 (D. Md. 2014).

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint if it fails to

state a claim upon which relief can be granted. The purpose of the rule is to "test the sufficiency of a

complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability

of defenses." *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the

court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly,* 550 U.S.

544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), when considering a motion to dismiss

pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the

claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a

plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by

---

[2]     Smith also filed a motion to appoint counsel.ǼECF No. 24.

mere conclusory statements, do not suffice," *Iqbal,* 556 U.S. at 678–79, 129 S.Ct. 1937. *See*

*Velencia v. Drezhlo,* RDB-12-0237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (discussing

standard from *Iqbal* and *Twombly* ). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal,* 556 U.S. at 663, 129 S.Ct. 1937.

## III. Discussion

### A.    Facts

This court reviews the facts and all reasonable inferences in the light most favorable to the

nonmoving party, *see Scott v. Harris,* 550 U.S. 372, 378 (2007); *Erickson v. Pardus,* 551 U.S. 89, 94

(2007), and liberally construes Smith's pleadings in light of the fact that he is self-represented. *See*

*Gordon v. Leek,* 574 F.2d 1147, 1151 (4th Cir. 1978). In his unverified complaint and supplemental

complaint, Smith claims that he was assaulted anew by Sergeant Watkins on December 9, 2013.

Smith does not raise any specific claims against the other defendants.

### B.    Legal Analysis

In their motion to dismiss, defendants Green and MCCF argue that no allegations are raised

involving Green's personal involvement and that MCCF is not an entity subject to suit under § 1983.

Defs.' Mot. ¶¶ 3–4.

Affording Smith's oppositions a generous construction, he claims that on October 21, 2013,

the day after he was assaulted the first time by Watkins, he wrote Warden Green, asking to press

charges against Watkins, and he filed a MCCF grievance, which "made the head of the [MCCF]

Warden Robert Green aware" of the assault. Pl.'s May 8, 2014 Mot. to Proceed 1. He seemingly

argues that his actions placed Green on notice of Watkins's behavior and made Green responsible in his supervisory capacity for Watkins's second assault on December 9, 2013. *Id.* Smith also claims that he has required medical care since his May 2014 release and cannot hear well out of his left ear. Aug. 26, 2014 Mot. to Continue.

Smith does not allege any personal involvement on the part of Warden Green. He does, however, claim that he "informed" Green of Watkins's previous use of excessive force against him by filing a request for charges and an administrative grievance remedy the day after the first incident, on October 21, 2013. Smith included Green as a defendant on the theory that Green violated his constitutional rights because he is responsible for the actions of his subordinates.

"[S]upervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." *See Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir. 1994) (citing *Slakan v. Porter,* 737 F.2d 368 (4th Cir. 1984)). This liability, however, "is not premised on *respondeat superior* but upon 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Id.* at 798 (quoting *Slakan,* 737 F.2d at 372–73). It "is determined 'by pinpointing the persons in the decision-making chain whose deliberate indifference permitted the constitutional abuses to continue unchecked.'" *Id.* at 798 (quoting *Slakan,* 737 F.2d at 376).

To establish supervisory liability against a warden or others under § 1983, Smith must show "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff"; (2) that the supervisor's response to that knowledge was so inadequate as to show

4

'deliberate indifference to or tacit authorization of the alleged offensive practices'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw*, 13 F.3d at 799 (citations omitted).  To demonstrate "a 'pervasive' and 'unreasonable' risk of harm," Smith must show that "the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm or constitutional injury." *Id.*  Deliberate indifference carries a "heavy burden of proof." *Id.*  Significantly, a plaintiff generally cannot establish deliberate indifference "'by pointing to a single incident or isolated incidents." *Id.* (quoting *Slakan*, 737 F.2d at 372–73 (citations omitted)). Rather, he must show "'[the] supervisor's continued inaction in the face of documented widespread abuses," which "provides an independent basis for finding he either was deliberately indifferent or acquiesced in the constitutionally offensive conduct of his subordinates.'" *Id.* (quoting *Slakan*, 737 F.2d at 372–73 (citations omitted)).

Smith has not satisfied the deliberate indifference requirement for supervisory liability in a § 1983 action.  His allegation that Green is liable based on his prior notice of Watkins's alleged October 2013 use of force—one incident—is insufficient to convey knowledge that Green knew that Watkins was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury. *Shaw*, 13 F.3d at 798–99. The Court shall grant Green's motion to dismiss.

Further, MCCF is an inanimate object that cannot act under color of state law and therefore is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999)

5

("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D. N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); *cf. Roach v. W. Va. Reg'l Jail & Corr. Facility*, 74 F.3d 46, 48 (4th Cir. 1996). The MCCF's motion to dismiss shall be granted.

Accordingly, the motion to dismiss filed by MCCF and Green shall be granted. Sergeant Watkins, who has filed an answer, shall be subject to the schedule set out in the accompanying Order.

Finally, Smith has filed a motion to appoint counsel. ECF No. 24. He observes that although he has been released from confinement, he has no income and is seeking disability income for his "mental and physical damages." Smith seemingly asserts that he has contacted different legal providers, but no one will assist him. *Id.*

Although 28 U.S.C. § 1915(e)(1) permits a court to request an attorney to represent an indigent litigant, it "does not authorize the federal courts to make coercive appointments of counsel." *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 309–10 (1989). A district court need not request an attorney's assistance pursuant to § 1915(e)(1) unless the case presents complex issues or exceptional circumstances. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard*, 490 U.S. at 298.

This case, which alleges the use of excessive force, presents no exceptional circumstances at this time which would warrant a request for representation pursuant to § 1915(e)(1). Smith, who has capably filed his self-represented complaint, has failed to show a particular need or exceptional

circumstances which would require the assistance of a trained practitioner.  Therefore, the motion to appoint counsel shall be denied without prejudice.

## IV.  CONCLUSION

A separate Order shall be entered reflecting the rulings entered in this decision.

Date: 022515

_____
Paul W. Grimm
United States District Judge